IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      :
                                                   :
v.                                                :          CRIM. NO. AMD 07-0433
                                                   :          CIV. NO. AMD 09-705
CHRISTOPHER HARRYMAN     :

...o0o...

MEMORANDUM

Movant, Christopher Harryman, represented by counsel, entered into a plea agreement pursuant to Fed.R.Crim.P. 11(c)(1)(C) which called for an agreed sentence of 211 months. Pursuant to the agreement, Harryman pled d guilty to Count One of an indictment, conspiracy to distribute and possess with the intent to distribute greater than five kilograms of cocaine and greater than fifty grams of cocaine base, in violation of *21 U.S.C. §846* and Count Three, arson, in violation of *18 U.S.C.§844(i)*. On April 10, 2008, this court imposed as to Count One a sentence of 151 months incarceration, and as to Count Three an additional, mandatory 60 months, to be served consecutively, for a total sentence of 211 months, to be followed by a period of supervised release.

Now pending is Harryman's timely motion to vacate, set aside, or correct his sentence pursuant to *28 U.S.C. §2255*. Harryman does not challenge his conviction and sentence on Count One, but requests relief based upon his conviction and sentence on Count Three. In particular, Harryman alleges that his counsel was ineffective in two respects: (1) he failed to argue that the 60 month sentence on Count Three should not have been made consecutive to the sentence on Count One, and (2) his attorney did not advise him adequately of the waiver of appeal provision in the plea agreement. The government has filed a brief in

opposition and no hearing is needed.

Harryman's conviction on Count One arose from the following facts. From January 1992 through April 2005, Harryman, along with two co-defendants conspired to distribute and possess with the intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base. Harryman and traveled with others to New Jersey, New York and other locations on 15 occasions to purchase and transport cocaine.

Count Three arose from the following facts. On April 22, 2005, in anticipation of acts intended to retaliate for the theft of cocaine, Harryman and two others created explosive devices using glass bottles, injectable fluid and a cloth wick. Harryman and two others then used these devices to set fire and ultimately destroy a residence in Baltimore.

On February 2, 2008, Harryman pled guilty to Counts One and Three. At the guilty plea proceeding, the court reviewed in detail with Harryman his signed plea agreement. The plea agreement made clear, and, indisputably, Harryman full well knew, that under the law the sentence on Count Three would be imposed to be served consecutively to that imposed on Count One. The court established that the plea was knowingly, intelligently and voluntarily provided. Additionally, the court extensively questioned Harryman and concluded he received effective counsel. Harryman said that there was nothing counsel failed to do that he had asked or acted in a way that he had requested counsel not act. Harryman understood that if the court did not accept the agreed sentence, he (or the government) would have the right to withdraw from the plea agreement. Nevertheless, Harryman asks this court to vacate the 60 month sentence on Count Three and impose a

concurrent sentence (he says of 120 months).

To successfully claim ineffective assistance of counsel, a movant must "identify the acts or omissions of counsel" that show (1) the "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 690 (1984). In considering the petitioner's claim of ineffective assistance of counsel, the court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Because Harryman pled guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988) (quotations and citations omitted).

As to both of Harryman's allegations, the record affirmatively shows that counsel provided fully effective representation and most assuredly did not render assistance below an objective standard of reasonableness required by *Strickland*.

Harryman's first claim is that his attorney failed to argue that the 60 month sentence charging a violation of *18 U.S.C. §844(i)* should not have been consecutive. Harryman's attorney, Thomas Crowe, Esq., explains in a letter in the record that Harryman was advised both in writing and in open court that *18 U.S.C. §844(i)* did not require a mandatory consecutive sentence, but that the government was insisting on a plea to that count and that under the plea agreement, a sentence of 211 months was the agreed sentence. The court

clearly informed Harryman that the statute did not require a consecutive sentence, but rather the consecutive sentence was merely an element of his plea bargain. Harryman's real claim here is not with counsel's advocacy at sentencing but that he should have insisted on a more favorable plea agreement. This does not state a claim of ineffective assistance.

Harryman's second claim, that he was unaware that he waived his right to an appeal, is also unsupported by the record. In numerous exchanges with Mr. Crowe, Harryman was advised of his right to appeal and the fact that it was waived as a result of his plea agreement. In a letter dated April 21, 2008, Crowe informed Harryman of the futility of an appeal.

In sum, as to both claims, Harryman has utterly failed to show unreasonable performance or prejudice as required by *Strickland*. Beyond his own conclusory statement, there is no indication that Harryman would have gone to trial under any circumstances. In fact, there is ample evidence that the government's case against Harryman was very strong, including the fact that his two co-felons were prepared to testify against him. As noted earlier, the terms of the plea agreement were much more favorable than the potential sentence he faced after a trial.

For the reasons set forth above, the motion to vacate shall be denied. An order follows.

Filed: June 9, 2009

ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE